1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                               )
In re: PARK WEST GALLERIES, INC.,              )   MDL No. 09-2076RSL
MARKETING AND SALES PRACTICES                  )
LITIGATION                                     )
_____        )
                                               )   ORDER GRANTING IN PART
THIS DOCUMENT RELATES TO:                      )   PLAINTIFFS' MOTION TO
                                               )   CONSOLIDATE AND AMEND
Bohm v. Park West Galleries, Inc.,             )   COMPLAINT
Case No. C09-1178RSL                           )
                                               )
Hatter v. Park West Galleries, Inc.,           )
Case No. C09-1242RSL                           )
                                               )
Alleman v. Park West Galleries, Inc.,          )
Case No. C09-1716RSL                           )
                                               )
Mullen v. Park West Galleries, Inc.,           )
Case No. C09-1717RSL.                          )
_____)

      This matter comes before the Court on "Plaintiffs' Motion for Leave to Consolidate and Amend Complaint." MDL09-2076, Dkt. # 214. Plaintiffs Joseph Bohm, John Lee, Donald and Joyce Hatter, Bruce and Patricia Alleman, and Sean Mullen seek to consolidate their individual actions and to amend their consolidated complaint to:

    (1) Add class allegations on behalf of the named plaintiffs and all similarly situated individuals;

    (2) Request invalidation of their sales contracts with Park West Galleries, Inc.;

ORDER GRANTING IN PART PLAINTIFFS'
MOTION TO CONSOLIDATE AND AMEND
COMPLAINT

(3) Add additional factual allegations regarding the cruise lines' control over the art auctions;

(4) Add a new claim for injunctive relief;

(5) Add various Park West entities as defendants; and

(6) Add Russell and Melissa Conley as named plaintiffs. Having reviewed the memoranda and exhibits submitted by the parties,[1] the Court finds as follows:

**A. MODIFICATION OF THE CASE MANAGEMENT SCHEDULE**

After this multi-district litigation was transferred to this district, the Court issued a case management order setting January 15, 2010, as the deadline for amending pleadings and joining additional parties. Dkt. # 31. Because plaintiffs seek to amend their pleading after the deadline established by the Court, they must show good cause pursuant to Fed. R. Civ. P. 16(b)(4).

Despite the significant passage of time since the original complaint was filed, this litigation remains in its infancy. Plaintiffs have not delayed or been dilatory in the prosecution of their causes of action. Almost as soon as the motions to dismiss were ruled upon, plaintiffs sought leave to amend their pleading. Discovery has barely begun, and there is no reason to assume that an amendment at this time would require any duplication of effort or otherwise increase the costs of this litigation. The Court finds that, given the nature of this case and the related actions, plaintiffs have shown good cause for modification of the case management deadline.

**B. LEAVE TO AMEND UNDER FED. R. CIV. P. 15(A)**

Courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). There is a "strong policy in favor of allowing amendment" after "considering

---

[1] This matter can be decided on the papers submitted. Park West's request for oral argument is DENIED.

ORDER GRANTING IN PART PLAINTIFFS'
MOTION TO CONSOLIDATE AND AMEND
COMPLAINT                                          -2-

four factors: bad faith, undue delay, prejudice to the opposing party, and the futility of amendment." Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994).[2] The underlying purpose of Rule 15 is "to facilitate decision on the merits, rather than on the pleadings or technicalities." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). Amendment will be denied, however, "when the movant presented no new facts but only new theories and provided no satisfactory explanation for his failure to fully develop his contentions originally." Vincent v. Trend W. Tech. Corp., 828 F.2d 563, 570-71 (9th Cir. 1987) (internal quotation marks omitted). Park West argues that all of the relevant considerations except bad faith militate against allowing the amendment.

**1. Claim for Rescission of Sales Contracts**

Pursuant to the Restatement (Second) of Contracts § 164, "[i]f a party's manifestation of assent is induced by either a fraudulent or a material misrepresentation by the other party upon which the recipient is justified in relying, the contract is voidable by the recipient." The Proposed Third Amended Complaint includes allegations of material misrepresentations on which plaintiffs justifiably relied and seeks rescission of the sales contracts plaintiffs subsequently entered into with Park West.

Park West argues that defendants should not be permitted to seek rescission because, based on the undisputed facts of this case, such a claim would be futile. To determine whether a proposed amendment is futile, the Court evaluates whether the revised allegations would survive a motion to dismiss. Nunes, 375 F.3d at 808. Park West argues that, even if one assumes that the sales contracts were at one time voidable by plaintiffs, they lost the power to avoid the contracts through both affirmance and delay. The Court agrees. The power of a party to avoid a contract for fraudulent misrepresentation is lost if, after he knows of the fraudulent

---

[2] The Ninth Circuit also takes into consideration whether plaintiff has previously amended the complaint. Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004).

ORDER GRANTING IN PART PLAINTIFFS'
MOTION TO CONSOLIDATE AND AMEND
COMPLAINT                    -3-

misrepresentation, (a) he acts with respect to any property he received under the contract in a manner inconsistent with disaffirmance or (b) he does not within a reasonable time notify the other party that he intends to avoid the contract.  Restatement (Second) of Contracts § 380 and § 381.  As far as the Court is aware, none of the plaintiffs offered to return the artwork purchased from Park West.  Until very recently, plaintiffs conducted themselves and this litigation as if the sales contracts were valid, seeking to enforce some provisions while avoiding others.  This conduct was inconsistent with rescission.

Plaintiffs' recent demand for rescission is also untimely.  Despite believing that they had been defrauded by Park West as far back as mid-2008, plaintiffs did not give notice that they intended to seek rescission until July 2010.  Plaintiffs were in full possession of the facts justifying a claim of rescission over two years ago.  Instead, they filed a lawsuit seeking numerous forms of relief and asserting a broad array of claims against Park West:  rescission was not sought.  In these circumstances, a two year delay in manifesting an intention to avoid the sales contracts was not reasonable.

The factual allegations of the proposed complaint do not give rise to a reasonable inference that plaintiffs are entitled to rescission. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007), and Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949 (2009).  Because the proposed amendment cannot save plaintiffs' claims against Park West, amendment is futile.

2**. Allegations Regarding Cruise Line Control Over Park West**

The proposed complaint contains "update[d] factual information to reflect what Plaintiffs have learned in discovery about the Cruise Lines' knowledge, control and participation in the art-at-sea auction scheme."  Motion at 5.  These allegations do not save any of the claims that were dismissed on June 25, 2010, they do not appear to be relevant now that the cruise lines are no longer defendants in this action, and they need not be pled in support of the remaining claims.

ORDER GRANTING IN PART PLAINTIFFS'
MOTION TO CONSOLIDATE AND AMEND
COMPLAINT                                   -4-

### 3. Addition of New Parties and a Claim for Injunctive Relief

Defendants have not addressed the propriety of plaintiffs' requests to add various Park West entities as defendants, the Conleys as plaintiffs, or a claim for injunctive relief under Rule 15(a). Park West suggests that the proposed amendments are unjustifiably late because the facts giving rise to these claims have been known since the inception of the case. Opposition at 5 n.6. "Undue delay by itself, however, is insufficient to justify denying a motion to amend." Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999). Absent an additional finding of prejudice to the non-moving party, the strong policy in favor of amendment militates against such a denial. Id. Because defendants have not shown that allowing the addition of new parties and/or a claim for injunctive relief would prejudice them in any way, leave to amend is appropriate.

### C. CONSOLIDATION

Plaintiffs seek to consolidate all of the causes of action that were originally filed in Michigan into Bohm v. Park West Galleries, C09-1178RSL. The Bohm, Alleman, and Mullen actions involve common questions of law and fact that could and should be heard together: the circumstances giving rise to these plaintiffs' claims are very similar, and all of the cases arose in (and could be returned to) a single transferor court. The Hatters, however, are in a slightly different position than the other Michigan plaintiffs. Their sales invoices apparently did not contain the suit limitation provision that was so damaging to the claims of the other plaintiffs. Because this distinction has already proved significant, consolidating the Hatters' claims in with the other Michigan plaintiffs would likely mask substantive differences and/or generate confusion.

For all of the foregoing reasons, plaintiffs' motion to consolidate and amend their complaint is GRANTED in part. Pursuant to Fed. R. Civ. P. 42(a), the following actions are hereby consolidated for all purposes:

ORDER GRANTING IN PART PLAINTIFFS'
MOTION TO CONSOLIDATE AND AMEND
COMPLAINT                                        -5-

<u>Bohm v. Park West Galleries, Inc.</u>, C09-1178RSL;

<u>Alleman v. Park West Galleries, Inc.</u>, C09-1716RSL; and

<u>Mullen v. Park West Galleries, Inc.</u>, C09-1717RSL.

Every pleading filed in this consolidated action shall bear the following caption:

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re: PARK WEST GALLERIES, INC., MARKETING AND SALES PRACTICES LITIGATION | MDL No. 09-2076RSL |
| This Document Relates to: Bohm v. Park West Galleries, Inc., Case No. C09-1178RSL. | |

Documents shall no longer be filed in the <u>Alleman</u> and <u>Mullen</u> cause numbers.

The <u>Bohm</u> plaintiffs may, within ten days of the date of this order, file and serve an amended consolidated complaint that includes class allegations and adds Russell and Melissa Conley as named plaintiffs. The <u>Bohm</u> (and, if appropriate, <u>Hatter</u>) plaintiffs may amend their complaints to add Albert Scaglione, PWG Florida, Inc., Vista Art, LLC, and Fine Art Sales, Inc. as defendants and to add a claim for injunctive relief. Plaintiffs' other proposed changes are futile and/or unnecessary as discussed above.

Dated this 15th day of September, 2010.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART PLAINTIFFS'
MOTION TO CONSOLIDATE AND AMEND
COMPLAINT                                    -6-